**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH DAVIS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 18-4288** |
| **ANDREW M. SAUL,[1]** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

**MEMORANDUM AND OPINION**

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE** **June 18, 2019**

Joseph Davis, ("Plaintiff") filed this action to review the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-434 ("the Act"). This matter is before me for disposition, upon consent of the parties.[2] For the reasons that follow, Plaintiff's request for review will be DENIED.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed for DIB on July 29, 2015. (R. 79, 152). He alleged disability as of July 20, 2015, due to congestive heart failure. (R. 79). The Social Security Administration denied his claim for benefits at the initial level of review. (R. 86-97). Following the denial,

---

[1] Andrew M. Saul was confirmed as Commissioner of the Social Security Administration on June 4, 2019. Nomination, Andrew M. Saul, of New York, to be Commissioner of Social Security for the term expiring January 19, 2025, PN94, 116th Cong. (June 4, 2019). Pursuant to FED. R. CIV. P. 25(d), I have substituted Andrew M. Saul as defendant in this suit.

[2] In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. (Consent and Order, ECF No. 6).

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which occurred on June 21, 2017. (R. 32-65). Plaintiff, represented by an attorney, appeared and testified. *Id*. An impartial vocational expert ("VE") also testified at the hearing. (R. 59-64). On October 19, 2017, the ALJ issued a decision denying benefits under the Act. (R. 20-27). The Appeals Council denied Plaintiff's request for review, (R. 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff commenced this action on October 3, 2018, and subsequently filed a Brief and Statement of Issues in Support of Request for Review. (ECF No. 11). Defendant filed a response. (ECF No. 12). The matter is now ripe for disposition.

## II. LEGAL STANDARD

To be eligible for Social Security benefits under the Act, a claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c (a)(3)(A). A five-step sequential analysis is used to evaluate a disability claim:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of the impairment listed in the "listing of impairments," . . . which result in a presumption of disability, or whether the claimant retains the capacity to work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.

*Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000); *see also* 20 C.F.R. §§ 404.1520, 416.920. The disability claimant bears the burden of establishing steps one through four. If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner at step five to establish that, given the claimant's age, education, work experience, and mental and physical limitations, the claimant is able to perform substantial gainful activities in jobs existing in the national economy. *Poulos v. Comm'r. of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007).

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (citations omitted). Even if the record could support a contrary conclusion, the decision of the ALJ will not be overruled so long as there is substantial evidence to support it. *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986). The court has plenary review of legal issues. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).

## III. FACTUAL BACKGROUND

The Court has reviewed the administrative record in its entirety and summarizes here the evidence relevant to the instant request for review.

Plaintiff was fifty-one years old on his alleged disability onset date. (R. 79). Plaintiff completed the eleventh grade in high school, and previously worked as a site safety officer and a

tile-setter. (R. 39, 60-61). At the time of the administrative hearing, Plaintiff lived with his wife and daughter in Philadelphia, Pennsylvania. (R. 50).

### A. Medical Evidence

The medical record reflects Plaintiff's diagnosis of atrial fibrillation and congestive heart failure in July 2015 and his double bypass coronary surgery in November 2015. (R. 227, 276, 443-466). Plaintiff's post-surgery treatment notes indicate satisfactory results with limited physician visits. (R. 504-530).

### B. Lay Evidence

Plaintiff completed a "Function Report – Adult" and reported that he had no problems with personal care, remembering to take medication, caring for the family dog, preparing simple meals, taking out the trash, driving, going out unaccompanied, food shopping three times per week, paying bills, handling money, fishing, socializing with family and neighbors, following written and verbal instructions, maintaining focus, handling stress and changes in routine, and getting along with authority figures. (R. 206-213).

At the administrative hearing on June 21, 2017, Plaintiff testified that he left his job due to fatigue and shortness of breath. (R. 44). He testified that he attends church and shops for clothes and personal items. (R. 52, 57).

## IV. ALJ'S DECISION

Using the five-step inquiry described above, the ALJ determined that Plaintiff was not disabled. (R. 20-27).

1. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity after his alleged onset of disability. (R. 22).

2. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: coronary artery disease for which two vessel bypass surgery was performed, congestive heart failure, atrial fibrillation, and obesity. (R. 22).

3. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. (R. 23).

4. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work with no reaching overhead with the right arm. (R. 23).

5. At step four, the ALJ found Plaintiff unable to perform any past relevant work. (R. 25).

6. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that in significant numbers in the national economy that Plaintiff can perform. (R. 26-27).

Accordingly, the ALJ found Plaintiff was not disabled. (R. 27).

## V. DISCUSSION

In his request for review, Plaintiff argues that the ALJ: (1) failed to take into account Plaintiff's full range of exertional and non-exertional limitations in assessing Plaintiff's credibility; (2) posed an improper hypothetical to the VE; and (3) misapplied the Medical-Vocational Rules. (Pl. Br. 7-22, ECF No.11). The Commissioner counters that the ALJ properly analyzed the medical opinion evidence, and that substantial evidence supports the ALJ's decision. Having reviewed the parties' submissions, the record -- including the medical evidence and the hearing testimony -- and the ALJ's decision, I conclude that remand is not warranted.

### A. The ALJ Properly Considered Plaintiff's Limitations in Assessing Credibility

Plaintiff contends that the ALJ "failed to take into account Plaintiff's full range of exertional and non-exertional limitations in assessing Plaintiff's credibility." (Pl.'s Br. 7-10, ECF No. 11). The Commissioner counters that the ALJ correctly evaluated Plaintiff's subjective

complaints and reasonably found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical and other evidence of record. I do not find Plaintiff's arguments persuasive.

Social Security Regulations require a two-step evaluation of subjective symptoms: (1) a determination as to whether there is objective evidence of a medically determinable impairment that could reasonably be expected to produce the symptoms alleged; and (2) an evaluation of the intensity and persistence of the pain or symptoms and the extent to which it affects an individual's ability to work. 20 C.F.R. § 404.1529(b). When an individual's alleged symptoms suggest a greater level of severity than can be supported by the objective medical evidence alone, an ALJ should consider: (1) the extent of the claimant's daily activities; (2) the location, duration, frequency, and intensity of the symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication; (5) treatment other than medication for the symptoms; (6) measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); S.S.R. 16-3p, 2017 WL 5180304. Credibility determinations are reserved for the ALJ, but the ALJ must provide reasoning for discrediting testimony. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983).

Here, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible. (R. 24). Specifically, the ALJ stated:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with

> the medical evidence and other evidence in the record for the reasons explained in this decision.

(R. 24). Substantial evidence supports the ALJ's assessment. The record contains ample evidence that would allow the ALJ to conclude that Plaintiff's subjective complaints did not preclude all work activity. The ALJ carefully reviewed the medical evidence that documented Plaintiff's initial symptoms of dyspnea[3] in July 2015, diagnosis of congestive heart failure; subsequent cardiac and peripheral catheterization showing severe two-vessel coronary artery disease with 100% right coronary artery and severe diffuse left anterior descending artery disease; and resulting coronary artery bypass surgery. (R. 24-25). Next, the ALJ considered Plaintiff's post-surgery medical evidence, referencing his chest x-ray of November 19, 2015, which showed mild edema and small pleural effusions, and bibasilar atelectasis[4]; and a later chest x-ray on November 23, 2015, which showed decreasing left pleural effusion indicating satisfactory results. (R. 25).

The ALJ then noted that Plaintiff received no follow-up treatment until June, 2016, when his echocardiogram revealed a mildly dilated left ventricle and a host of other normal findings: systolic function, left atrium, mitral valve, right ventricle, tricuspid valve, wall thickness, and transmittal flow chart were all assessed as normal. (R. 25). Plaintiff suffered no pericardial effusion and his ejection fraction was 54% - where normal is between 55% and 70%. *Id.* Thereafter, the ALJ explained that Plaintiff received no treatment until ten months later, in April

---

[3] Dyspnea is the medical term for shortness of breath. *See* https://www.medicalnewstoday.com/articles/314963.php.

[4] Bibasilar atelectasis is a partial collapse of the lungs. It usually occurs after a surgical procedure that involves general anesthesia, especially chest or abdominal surgery. *See* https://www.healthline.com/health/bibasilar-atelectasis.

2017, when he had an office visit with his primary care physician. *Id*. The ALJ noted that Plaintiff treated with Tylenol, aspirin, Simvastin[5], Lisinopril[6] and Carvedilol[7]. *Id*.

The ALJ then detailed why Plaintiff's impairments did not render him disabled. He observed that Plaintiff's coronary artery disease was well managed with medication. *Id*. He noted Plaintiff's limited medical treatment. *Id*. Finally, he explained that Plaintiff's June 2016 echocardiogram was essentially normal, and not consistent with his asserted physical limitations. *Id*. Contrary to Plaintiff's assertion, it was not improper for the ALJ to consider evidence of gaps in treatment when assessing the limiting effects of Plaintiff's impairments. The ALJ reasonably considered this evidence because treatment history is a relevant factor in evaluating the intensity, persistence, and limiting effects of Plaintiff's subjective complaints. *See* 20 C.F.R. § 404.1529(c)(3)(v). However, the ALJ did not unduly rely on this evidence, he reasonably referred to Plaintiff's gaps in treatment twice, when he reviewed Plaintiff's treatment history and when he identified reasons for finding Plaintiff's subjective complaints not entirely consistent with the evidence of record. (R. 25).

Finally, it was not Plaintiff's gaps in treatment that formed the basis for the ALJ's denial of benefits. It was Plaintiff's RFC to perform light work with no overhead reaching with the

---

[5] Simvastatin is used along with a proper diet to help lower "bad" cholesterol and fats (such as LDL, triglycerides) and raise "good" cholesterol (HDL) in the blood. It belongs to a group of drugs known as statins. It works by reducing the amount of cholesterol made by the liver. *See* https://www.webmd.com/drugs/2/drug-6105/simvastatin-oral/details.

[6] Lisinopril is used to treat high blood pressure. Lisinopril belongs to a class of drugs known as ACE inhibitors. It works by relaxing blood vessels so blood can flow more easily. *See* https://www.webmd.com/drugs/2/drug-6873-9371/lisinopril-oral/lisinopril-oral/details.

[7] Carvedilol is used to treat high blood pressure and heart failure. This drug works by blocking the action of certain natural substances in the body, such as epinephrine, on the heart and blood vessels. This effect lowers heart rate, blood pressure, and strain on the heart. Carvedilol belongs to a class of drugs known as alpha and beta blockers. *See* https://www.webmd.com/drugs/2/drug-5574/carvedilol-oral/details.

right arm. As the ALJ pointed out, Plaintiff's RFC assessment "is supported by the longitudinal evidence of record. The objective evidence supports some exertional limitations, but [Plaintiff's] overall activity level and the nature and extent of the prescribed treatment support a finding that he is capable of light work with no requir[ed] reaching overhead with the right arm." (R. 25).

The ALJ carefully considered and discussed the evidence, so I defer to the ALJ's assessment of Plaintiff's subjective complaints. It is within the province of the ALJ to evaluate the credibility of witnesses. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983). An ALJ's "findings on the credibility of claimants 'are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.'" *Irelan v. Barnhart*, 243 F. Supp. 2d 268, 284 (E.D. Pa. 2003). Therefore, because I find that the ALJ did not err in assessing Plaintiff's subjective complaints and that substantial evidence supports that assessment, Plaintiff's request for remand on this basis is denied.

**B. Hypothetical to Vocational Expert**

Next, Plaintiff argues that the ALJ based his disability determination on VE testimony "based on a single limitation posed by the ALJ." (Pl.'s Br. 11). The Commissioner asserts that the ALJ's hypothetical question to the VE was accurate as it included Plaintiff's limitations supported by the record. Plaintiff's argument lacks merit.

The ALJ sometimes seeks advisory opinion testimony from a VE. *See Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002). The ALJ's hypothetical question must reflect all of plaintiff's impairments. *Id*. at 123. If undisputed medical evidence of impairment exists in the record, but is not incorporated into the ALJ's hypothetical question, the VE's response is not considered substantial evidence. *Id*. However, the ALJ is only required to incorporate credibly

established limitations; the hypothetical question need not include a claim that lacks foundation. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

Here, the ALJ determined that Plaintiff "has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except for not requiring reaching overhead with the right arm." (R. 23). The ALJ presented a hypothetical to the VE that reflected this RFC assessment, including the limitation that Plaintiff "not reach[] overhead with the right arm." (R. 61). In response, the VE testified that Plaintiff was able to perform light jobs of final inspector (DOT number 727.687-054), hand packager (DOT number 559.687-074), and storage facility rental clerk, (DOT number 295.367-026). The ALJ consulted with the VE, who was present for Plaintiff's testimony. The VE identified jobs in her experience that would accommodate Plaintiff's RFC of light work with no overhead reaching with the right arm. (R. 61-62).

Plaintiff asserts that the ALJ's hypothetical question should have included his extreme fatigue, shortness of breath and dizziness. (Pl. Br. 10). However, the ALJ did not find that the medical evidence supported such limitations. The ALJ recognized that Plaintiff's cardiac condition improved after his bypass surgery in November 2015 and that his echocardiogram, performed in June 2016, showed essentially normal cardiac function. (R. 25).

Based on the testimony of the VE, the ALJ concluded that a significant number of light exertional jobs which Plaintiff can perform existed in the economy, and therefore, that Plaintiff was not disabled. Substantial evidence supports this conclusion. Accordingly, I conclude that remand is not required on this issue.

**C. Grid Determination**

Finally, Plaintiff argues he is not able to perform the physical requirements of light work and, as such, he should be considered disabled pursuant to Grid Rule 201.10 of the Medical-

Vocational Guidelines. (Pl.'s Br. 11). The Commissioner counters that the Guidelines do not apply. (Def. Br. 10-12). I agree with the Commissioner.

The Medical–Vocational guidelines, or "grids," set forth various combinations of age, education, work experience and residual functional capacity, and direct a finding of disabled or not disabled for each combination. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. Plaintiff relies upon Grid Rule 201.10, which compels a finding of disabled for an individual limited to *sedentary* work[8], closely approaching advanced age, with limited education, and skilled or semi-skilled nontransferable prior work experience. *See* 20 C.F.R. Pt. 404, subpt. P, App. 2, §201.10 (emphasis added). Here, the ALJ found Plaintiff able to perform limited light work. Because I have found that the ALJ's decision limiting Plaintiff's RFC to limited light work is supported by substantial evidence, Grid Rule 201.10 is not applicable. Therefore, remand is not warranted on this basis.

## VI. CONCLUSION

For the reasons set forth above, I find that the ALJ's findings are supported by substantial evidence. Accordingly, Plaintiff's request for review is **DENIED**. An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

[8] Sedentary work involves lifting no more than 10 pounds at a time, and a "certain amount of standing and walking." SSR 83–10; *see also* SSR 96–9p ("the full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8–hour workday").